IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00707-BNB

ARTHUR JAMES LOMAX,

    Plaintiff,

v.

WARDEN TRAVIS TRANI (CCF),
WARDEN ANGEL MEDINA (FCCF),
WARDEN STEVE HARTLEY (AVCF),
DIRECTOR EVETTE RUIZ (of SOMTP),
DIRECTOR PENNY SPEARING (of MH),
COORDINATOR JAMES LANDER (SOMTP),
THERAPIST NATHAN WIGGIN (of MH), and
THERAPIST M. SCHNELL (of MH),

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Arthur James Lomax, is a prisoner in the custody of the Colorado Department of Corrections and he currently is incarcerated at the Centennial Correctional Facility in Cañon City, Colorado. Mr. Lomax initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. He seeks damages and injunctive relief.

    The court must construe the Prisoner Complaint liberally because Mr. Lomax is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated

below, Mr. Lomax will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The court has reviewed the Prisoner Complaint and finds that the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Lomax fails to provide a short and plain statement of his claims showing that he is entitled to relief. In particular, he fails to identify the Defendant or Defendants he is suing with respect to each asserted claim, fails to allege clearly and concisely what each Defendant did that allegedly violated his rights, and fails to identify the specific legal right allegedly violated with respect to each claim. For example, Mr. Lomax

identifies his first claim as a Fifth Amendment claim, but it is not clear which Defendant or Defendants he is asserting the claim against or what each Defendant did that allegedly violated his Fifth Amendment rights.  Similarly, Mr. Lomax fails to identify what each Defendant did with respect to his second and third claims for relief, and he also fails to identify the specific constitutional rights allegedly violated with respect to his second and third claims for relief.

For these reasons, Mr. Lomax will be ordered to file an amended complaint.  For each claim he asserts in the amended complaint, Mr. Lomax "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Personal participation is an essential allegation in a § 1983 action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Lomax must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556

U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199. Accordingly, it is

ORDERED that Mr. Lomax file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order. It is

FURTHER ORDERED that Mr. Lomax shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Lomax fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED March 20, 2013, at Denver, Colorado.

                                      BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge