IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00707-BNB

ARTHUR JAMES LOMAX,

      Plaintiff,

v.

WARDEN L. ESTEP (FCF),
WARDEN STEVE HEARTLEY (AVCF),
JAMES LANDER (FCF),
NATHAN WIGGIN (FCF),
M. SCHNELL (FCF),
IVETTE RUIZ (AVCF),
PENNY SPEARING (AVCF),
MS. PRIESTLY (AVCF),
WARDEN ANGEL MEDINA (FCF).
MS. APODACA (AVCF), and
MR. McGILL (AVCF),

      Defendants.

---

## ORDER TO DISMISS IN PART AND TO DRAW CASE
## TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

      Plaintiff, Arthur James Lomax, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) at the Centennial Correctional Facility in Cañon City,

Colorado.  Mr. Lomax has filed *pro se* a second amended Prisoner Complaint (ECF No.

14) pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States

Constitution have been violated.  He seeks damages and injunctive relief.

      The Court must construe the second amended Prisoner Complaint liberally

because Mr. Lomax is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S.

519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the second

amended Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court must review Mr. Lomax's claims in the second amended Prisoner Complaint because he is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the second amended Prisoner Complaint, or any portion of the second amended Prisoner Complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the second amended Prisoner Complaint in part as legally frivolous.

Mr. Lomax asserts two numbered claims in the second amended Prisoner Complaint. He first claims that his constitutional rights were violated when he was denied sex offender treatment while he was incarcerated at the Fremont Correctional Facility (FCF) from December 2006 until March 2008. He contends in his second claim that his constitutional rights were violated when he was denied sex offender treatment while he was incarcerated at the Arkansas Valley Correctional Facility (AVCF) from September 2011 until November 2011. The named Defendants include two wardens at FCF, a warden at AVCF, and other prison officials associated with the sex offender treatment programs at FCF and AVCF.

2

Mr. Lomax's claims against the three wardens named as Defendants are legally frivolous and must be dismissed because he fails to allege any facts that demonstrate the wardens personally participated in the asserted constitutional violations. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997); *see also Schneider v. City of Grand Junction Police Dept.*, – F.3d –, 2013 WL 2421071 at **5-6 (10th Cir. June 5, 2013) (discussing standards for supervisory liability). As a result, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Mr. Lomax specifically alleges with respect to each of the three wardens named as Defendants only that the warden was the administrative head of either FCF or AVCF and was responsible for implementation of the DOC administrative regulation regarding sex offender treatment. However, he does not allege facts that demonstrate any of the wardens actually participated in the decisions to deny him sex offender treatment.

Although not entirely clear, Mr. Lomax also may be alleging that the wardens named as Defendants failed to respond to grievances he filed about being denied sex offender treatment. According to Mr. Lomax, he filed grievances at both FCF and AVCF about being denied sex offender treatment, and he never received a response to his grievances. However, even assuming the grievances Mr. Lomax alleges he filed were directed to the wardens named as Defendants in this action and that the wardens failed to respond to those grievances, a failure to respond to a grievance is not sufficient to demonstrate personal participation in the underlying constitutional violation. *See*

3

*Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (stating "that a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983").

For these reasons, the Court finds that Mr. Lomax's claims against the three wardens named as Defendants are legally frivolous and those Defendants will be dismissed as parties to this action.  Mr. Lomax's claims against the remaining Defendants will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 8.2D because the Court has completed its review pursuant to D.C.COLO.LCivR 8.2C.  Accordingly, it is

ORDERED that Defendants Warden L. Estep (FCF), Warden Steve Heartley (AVCF), and Warden Angel Medina (FCF) are dismissed as parties to this action because the claims against them are legally frivolous.  It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __27th__ day of _____June_____, 2013.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court