IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–00707–WJM–KMT

ARTHUR JAMES LOMAX,

      Plaintiff,

v.

JAMES LANDER (FCF),
NATHAN WIGGIN (FCF),
M. SCHNELL (FCF),
IVETTE RUIZ (AVCF),
PENNY SPEARING (AVCF),
MS. PRIESTLY (AVCF),
MS. APODACA (AVCF), and
MR. MCGILL (AVCF),

      Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

      This matter is before the court on Defendants' "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)" (Doc. No. 39 [Mot.], filed September 9, 2013), to which Plaintiff filed his response on October 8, 2013 (Doc. No. 41 [Resp.])[1]. Defendants did not file a reply. The motion is ripe for recommendation and order.

---

[1]Plaintiff's response is titled "Motion of Objections." (Resp. at 1.) Plaintiff does not respond to the substance of Defendants' Motion. Rather, Plaintiff explains that he is unschooled in the law and requests the court to allow a jury to decide his case. (*Id.*)

## STATEMENT OF THE CASE

In his Complaint, Plaintiff, who now is incarcerated at the Centennial Correctional Facility ("CCF") in the Colorado Department of Corrections ("CDOC") (*see* Doc. No. 14 ["Compl."] at 3), alleges he was denied participation in the Sex Offender Treatment and Monitoring Program ("SOTMP") when he previously was an inmate at the Fremont Correctional Facility ("FCF") from December 2006 to March 2008 and at the Arkansas Valley Correctional Facility ("AVCF") from September 2011 through November 2011 (*id.* at 6). Plaintiff's Claim One is directed at Defendants Lander, Wiggin, and Schnell, who Plaintiff alleges denied his participation in the SOTMP at FCF. (*See id.* at 7–8.) Plaintiff's Claim Two is directed at Defendants Ruiz, Spearing, Priestly, Apodaca, and McGill, who Plaintiff alleges denied his participation in the SOTMP at AVCF. (*See id.* at 12–15.) Plaintiff, who asserts jurisdiction under 42 U.S.C. § 1983, alleges the defendants violated his Fifth, Ninth, and Tenth Amendment Rights and also violated CDOC policy and a Colorado statute. (*Id.* at 6, 7, 12.) Plaintiff seeks compensatory and punitive damages and injunctive relief. (*Id.* at 21.)

Defendants move to dismiss Plaintiff's Complaint on the grounds that (1) Plaintiff's claims for monetary damages against the defendants in their official capacities are barred; (2) Plaintiff's claims against the FCF defendants are barred by the statute of limitations; (3) Plaintiff fails to state a claim upon which relief can be granted; and (4) the defendants are entitled to qualified immunity. (Mot. at 3–15.)

**STANDARD OF REVIEW**

*1.* **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

*2.* *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the

court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *See Basso*, 495 F.2d at 909.  The dismissal is without prejudice.  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

     A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction."  *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment.  *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."  *Id.*

*3.      Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id.* at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

## ANALYSIS

### 1.   *Eleventh Amendment Immunity*

The CDOC Defendants argue that they, in their official capacities, are immune from Plaintiff's § 1983 claims to the extent Plaintiff seeks monetary damages.[2] (Mot. at 3–4.) The Eleventh Amendment to the United States Constitution states: "The Judicial power of the United

---

[2]It is unclear whether Plaintiff asserts claims against the defendants in their individual or official capacities. Because Plaintiff is *pro se*, the court should broadly construe the Complaint to allege claims in both capacities. *See Hull v. State of N.M. Taxation and Revenue Dep't's Motor Vehicle Div.*, 179 F. App'x 445, 447 (10th Cir. Apr. 25, 2006) (holding that when a *pro se* litigant in a Section 1983 case had failed to specify whether she was suing the defendant in her official or individual capacity, the court would "give [the plaintiff] the benefit of [the] doubt" and construe the claim to involve both capacities).

States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. It has been interpreted to bar a suit by a citizen against the citizen's own state in federal court. *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). Suits against state officials in their official capacity should be treated as suits against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). This is because a suit against a state official in his or her official capacity is a suit against the official's office and therefore is no different from a suit against the state itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment thus shields state officials, acting in their official capacities, from claims for monetary relief. *See Hill v. Kemp*, 478 F.3d 1236, 1255-56 (10th Cir. 2007). Moreover, a § 1983 action may only be brought against a person. *See* 42 U.S.C. § 1983. Neither states nor state officers sued in their official capacity for monetary damages are persons within the meaning of § 1983. *Will*, 491 U.S. at 70-71.

Plaintiff's claims for monetary relief against the CDOC Defendants in their official capacities constitute claims against the Colorado Department of Corrections. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office"). Therefore, Plaintiff's official-capacity claims for monetary relief against the CDOC Defendants are barred by the Eleventh Amendment and should be dismissed for lack of subject matter jurisdiction. *See id.*

### *2.     Claims for Injunctive Relief Are Moot*

Plaintiff also seeks injunctive relief from the CDOC Defendants. Official capacity defendants are persons for § 1983 purposes. *Will*, 491 U.S. at 71, n.10 ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.' ") (quoting *Kentucky v. Graham*, 473 U.S. 159, 167, n.14 (1985)). Likewise, injunctive relief claims against official capacity defendants seeking to end constitutional violations are not barred by the Eleventh Amendment. *See Green v. Mansour*, 474 U.S. 64, 68; *Ex parte Young*, 209 U.S. 123, 155–156 (1908).

Nevertheless, Plaintiff is no longer incarcerated at either the FCF or the AVCF, where the defendants from whom he seeks injunctive relief are employed and where alleged violations occurred. Plaintiff's transfer to another facility renders his claims for injunctive relief moot. *See Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997) (prisoner's transfer mooted his claim for injunctive relief as a judgment in the prisoner's favor "would amount to nothing more than a declaration that he was wronged, and would have no effect on the defendants' behavior towards him"). Therefore, Plaintiff's claims for injunctive relief should be dismissed on the basis of mootness for lack of subject matter jurisdiction.[3]

---

[3]Although Defendants fail to argue that Plaintiff's claims for injunctive relief are moot, the court may address the issue *sua sponte*. *See State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998) ("[I]t has long been recognized that a federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings.").

### *3.*      *Statute of Limitations*

Defendants argue that Plaintiff's Claim One related to alleged violations while he was housed at FCF from 2006 through 2008 are barred by the statute of limitations. (Mot. at 4–5.)

Statute of limitations periods in § 1983 suits are determined by reference to the personal-injury statute of the state in which the federal district court sits. *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). Federal law, however, determines the date on which the claim accrues and the limitations period starts to run. *Id.* In Colorado, the general statute of limitations for personal injury claims provides that such a claim must be brought within two years after the action accrues. *See* C.R.S. § 13–80–102. For the purpose of the statute of limitations, a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Johnson v. Johnson County Com'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991).

It is clear from the Complaint that the alleged acts or omissions forming the basis of Plaintiff's Claim One against Defendants Lander, Wiggin, and Schnell occurred between December 2006 to March 2008, when the defendants denied him access to the SOTMP. (*See* Compl. at 6–8.) This court finds that the plaintiff's claims accrued, at the latest, at the end March 2008, as that is the date "when the plaintiff [knew] or [had] reason to know of the injury which is the basis of his action." *Johnson*, 925 F.2d at 1301. Therefore, Plaintiff had to file his lawsuit on his Claim One no later than March 31, 2010. Plaintiff filed the operative Complaint on June 11, 2013, over three years after the statute of limitations expired on the claim.

Accordingly, Plaintiff's Claim One properly is dismissed with prejudice[4], and Defendants Lander, Wiggin, and Schnell should be dismissed as defendants.

### *4.      Failure to State Claims upon Which Relief Can Be Granted*

#### *A.      Fifth Amendment Claim*

In his Second Claim, Plaintiff alleges he was prevented, despite Plaintiff's and the defendants' acknowledging that he would benefit from the treatment, from attending the SOTMP while he was at AVCF because he refused to admit that he committed the sexual assault for which he had been convicted in 2006. (*See* Compl. at 12–16.) As a consequence of his failing to complete SOTMP, Plaintiff alleges he has been subjected to certain restrictions, he cannot be assigned to a less than a medium security prison, he cannot live in preferred quarters, he is ineligible for study or work release programs, he is unable to accumulate additional good time credits, and he is ineligible for early release or parole. (*Id.* at 17–18.)

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The right against self-incrimination not only applies to a criminal prosecution, but "any other proceeding, civil or criminal . . . where the answers might incriminate [Plaintiff] in future criminal proceedings." *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973). In addition, the state cannot impose "substantial penalties" against a person for exercising his Fifth Amendment right. *Lefkowitz v. Cunningham*, 431 U.S. 801, 805 (1977).

---

[4]*See Mercer–Smith v N.M. Children, Youth and Families Dep't*, 416 F. App'x 704, 709–13 (10th Cir. 2011) (affirming dismissal with prejudice of Section 1983 claims and state law claim which were barred by the statute of limitations); *Gee v. Pacheco*, 627 F.3d 1178, 1181 (10th Cir.2010) (affirming dismissal with prejudice of claims as barred by statute of limitations).

The denial of certain privileges as a result of failure to comply with a sex offender treatment program does not implicate Fifth Amendment self-incrimination concerns "if the adverse consequences an inmate faces for not participating are related to the program objectives and do not constitute atypical and significant hardships in relation to the ordinary incidents of prison life." *McKune v. Lile*, 536 U.S. 24, 37–38 (2002). Requiring an inmate to agree to certain conditions before receiving the benefits of a sex offender treatment program does not constitute impermissible compulsion under the Fifth Amendment. *Wirsching v. Colorado*, 360 F.3d 1191, 1203–04 (10th Cir. 2004); *see also Searcy v. Simmons*, 299 F.3d 1220, 1226–27 (10th Cir. 2002) (holding that self-incrimination privilege not violated even though refusal to make admissions required for participation in sex offender program caused inmate to lose good-time credits). As the *Searcy* Court noted, the inmate's inability to accrue good-time credits at a faster pace upon admission to a sex offender program "does not so much describe compulsion as it does display the consequences of [the inmate's] own individual choice." *Searcy*, 299 F.3d at 1226. The choice was either "take advantage of the benefit [that the state was under no obligation to provide] . . . or turn down that benefit in order to avoid what [the inmate] feared, perhaps legitimately, would be self-incriminating statements." *Id.*

Plaintiff has made no allegations that he will incriminate himself in any ongoing or future criminal proceeding by discussing his 2006 conviction. Plaintiff also has not made any allegation that the defendants imposed any additional penalties for his failure to discuss the 2006 conviction. Plaintiff's refusal to comply with the SOTMP's requirement that he admit past sexual offenses represents a similar choice and comes along with inevitable consequences. The

consequences alleged by Plaintiff do not rise to the level of compulsion required to state a claim for a violation of Plaintiff's right against self-incrimination.

Accordingly, the motion to dismiss Plaintiff's Fifth Amendment claim should be granted.[5]

### B. *Ninth and Tenth Amendment Claims*

Plaintiff alleges the defendants violated his Ninth and Tenth Amendment rights but does not allege any facts in support of the allegation. (*See* Compl. at 12–19.)

The Ninth Amendment provides: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." It is well established that the Ninth Amendment is not an independent source of individual rights, but a rule of construction to be applied in certain cases. *See United States v. Bifield*, 702 F.2d 342. 349 (2nd Cir. 1983). The Tenth Circuit Court of Appeals has held that because other amendments, such as the Eighth Amendment, specifically address the mistreatment of prisoners, Ninth Amendment claims are indisputably meritless. *Parnisi v. Colo. State Hosp.*, No. 92-1368, 1993 WL 118860, at *1 (10th Cir. Apr. 15, 1993).

---

[5]Defendants also move to dismiss any Fourteenth Amendment due process claim, to the extent Plaintiff's asserts such a claim. (Mot. at 10–11.) The court does not find that interpreting the claim beyond its four corners is warranted here. In Claim Two's heading, Plaintiff specifically did not list the Fourteenth Amendment as one of the amendments violated by the defendants. (*See* Compl. at 12.) Moreover, Plaintiff does not make any reference to any Fourteenth Amendment due process violation anywhere in his Complaint. (*See id.*) While Plaintiff's pleadings are entitled to liberal pleading interpretation, the court is not Plaintiff's advocate and is not at liberty to construct claims on his behalf. *Whitney v. State of N.M.*, 113 F.3d 1170, 1173–74 (10th Cir. 1997). Therefore, the court does not analyze Claims Two in relation to any alleged Fourteenth Amendment violation.

The Tenth Amendment provides that "powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X. The purpose of the Tenth Amendment is to protect states from encroachment by the federal government. *See Tenn. Elec. Power Co. v. Tenn. Valley Auth.*, 306 U.S. 118 (1939). As the Tenth Amendment protects state rights, private citizens lack standing to raise a Tenth Amendment claim. *See id.*; *United States v. Parker*, 362 F.3d 1279, 1284 (10th Cir. 2004) ("[P]rivate plaintiffs do not have standing to bring Tenth Amendment claims when their interests are not aligned with the state's interests.").

Accordingly, Plaintiff's Ninth and Tenth Amendment claims properly are dismissed.

### C. *Failure to Follow CDOC Policy*

Plaintiff also alleges the defendants did not follow "CDOC policy," but again Plaintiff does not allege any facts in support of the allegation. (*See* Compl. at 12–19.)

Regardless, an agency's failure to follow its own regulations does not rise to the level of a constitutional violation unless the regulations themselves are compelled by the Constitution. *See Gibson v. Fed. Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir.2004) (finding that violation of BOP regulation in itself is not a constitutional violation). Prison regulations are "primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Thus, even if prison officials did not strictly follow the prison's internal regulations, such failure would not constitute a violation of Plaintiff's right to due process. *See Malik v. Kindt*, No. 95-6057, 1996 WL 41828, at *2 (10th Cir. Feb. 2, 1996) ("a failure to adhere to administrative

regulations does not equate to a constitutional violation")(quoting *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993)).

Plaintiff's claim based on alleged violations of prison regulations should be dismissed.

### D. *Violation of Colorado Statute*

Finally, in the header for Claim Two, Plaintiff alleges the defendants violated "18-1.3-1001."[6] (Compl. at 12.)  In Claim Two, Plaintiff also quotes a portion of the Colorado Sex Offender Lifetime Supervision Act, Colo. Rev. Stat. § 18–1.3–1001. (*Id.* at 16.)  However, Plaintiff's Complaint is devoid of any facts to support Plaintiff's claim that the defendants violated the Colorado statute.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 129 S. Ct. at 1949.  Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Here, because Plaintiff has pleaded no facts in support of the claim, the claim properly is dismissed.

### 5. *Qualified Immunity*

Defendants, in their individual capacities, raise the defense of qualified immunity to Plaintiff's claims.  Whether a defendant is entitled to qualified immunity is a legal question.

---

[6]Although Defendants failed to analyze the sufficiency of Plaintiff's Complaint in relation to this allegation, the court may do so pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

14

*Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007). To overcome the defendants' claim of qualified immunity, the plaintiff must establish that the defendants' actions violated a constitutional or statutory right of the plaintiff's and that the right at issue was clearly established at the time of the defendants' alleged unlawful conduct. *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995). "[C]ourts have discretion to decide which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted).

The plaintiff has not established that the defendants violated Plaintiff's constitutional or statutory rights. Therefore, the defendants are entitled to qualified immunity as to Plaintiff's claims against them.

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that the "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)" (Doc. No. 30) be **GRANTED** and that Plaintiff's claims against all of the defendants be dismissed.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A

general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 18th day of March, 2014.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge